[13 NYS3d 449]

In the Matter of MEIR ROSENFELD, an Attorney, Resignor.

Second Department, July 1 , 2015

**APPEARANCES OF COUNSEL**

*Mitchell T. Borkowsky*, Hauppauge (*Nancy B. Gabriel* of counsel), for Grievance Committee for the Tenth Judicial District.

*Moran Karamouzis, LLP*, Rockville Centre (*Grace D. Moran* of counsel), for resignor.

**OPINION OF THE COURT**

Per Curiam.

Meir Rosenfeld (hereinafter the resignor) has submitted an affidavit dated March 9, 2015, wherein he tenders his resignation as an attorney and counselor-at-law (*see* 22 NYCRR 691.9). The resignor was admitted to the bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on March 18, 1987. The resignor acknowledges that he is the subject of an investigation into his professional conduct, wherein evidence has been adduced that he misappropriated funds belonging to another, which were entrusted to him as the attorney for the seller in a real estate transaction. The resignor acknowledges that he could not successfully defend himself on the merits against disciplinary charges based upon the foregoing.

The resignor avers that his resignation is freely and voluntarily tendered, and that he is not being subjected to coercion or duress by anyone. He has discussed his resignation with his attorney, as well as with other persons whose advice and counsel he respects, and is fully aware of the implications of submitting the same, including the fact that he will be barred from applying for reinstatement for a minimum period of seven years.

The resignor acknowledges that the resignation is submitted subject to any application that may be made by the Grievance Committee for the Tenth Judicial District for an order directing that he make restitution, and that he reimburse the Lawyers' Fund for Client Protection, pursuant to Judiciary Law § 90 (6-a) (a). He acknowledges the continuing jurisdiction of the Court to make such an order, which may be entered as a civil judgment against him, pursuant to Judiciary Law § 90 (6-a) (d). The resignor specifically waives the opportunity afforded by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

Finally, the resignor acknowledges and agrees that, pending issuance of an order accepting this resignation, he cannot take on any new clients or accept any retainers for future legal services to be rendered, and that there will be no transactional activity in any fiduciary account to which he has access, other than for payment of funds held therein on behalf of clients or others entitled to receive them.

The Grievance Committee recommends that the proffered resignation be accepted.

Inasmuch as the proffered resignation complies with the requirements of 22 NYCRR 691.9, it is accepted, and effective immediately, Mr. Rosenfeld is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law.

ENG, P.J., MASTRO, RIVERA, SKELOS and COHEN, JJ., concur.

Ordered that the resignation of Meir Rosenfeld is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Meir Rosenfeld is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Meir Rosenfeld shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Meir Rosenfeld is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if Meir Rosenfeld has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and he shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).